IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BOBBY STARNES,<br><br>　　　　　　　　　Plaintiff<br>　　　VS.<br><br>ALEXIS CHASE, WARDEN, *et al.*,<br><br>　　　　　　　　　Defendants | NO. 5:09-CV-112 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff Bobby Starnes filed the instant 42 U.S.C. § 1983 Complaint alleging that the defendants, in violation of his constitutional rights, repeatedly allowed and/or caused him to be exposed to and injured by unspecified chemicals. Tab #1. In response to the Complaint, defendant Alexis Chase filed a motion seeking dismissal alleging that plaintiff Starnes failed to 1) exhaust his administrative remedies prior to filing the instant action, and 2) failed to state a claim for which relief can be granted.[1] Tab #9. Plaintiff Starnes filed a response to the motion ( Tab #17) to which defendant Chase replied (Tab #19).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Bobby Starnes, at all times relevant to this action, was incarcerated at Men's State Prison (MSP). In his Complaint, plaintiff Starnes alleges that he has been deliberately exposed to chemicals since he arrived at MSP in October 2007. Furthermore, he claims that chemicals are being thrown on him by an inmate who "hangs around the warden's bunch." As a result of this exposure, the plaintiff claims that he suffers from pneumonia, skin irritation, and chemical burns. He has sued Alexis Chase, the Warden at MSP, as well as three "John Doe" defendants. The plaintiff bases his claims, which appear to seek only equitable relief, on the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and 18 U.S.C. §§ 2340 and 3626. Following an initial review of the Complaint, and in construing the allegations therein liberally in favor of plaintiff, the undersigned allowed the plaintiff's chemical exposure claims to proceed.

---

[1] Defendant WARDEN Chase is the only defendant properly before the court at this time. Plaintiff Starnes has also named three (3) John Doe defendants that were never identified nor served.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

**DISCUSSION**

Defendant Chase's motion first raises the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, she has submitted, *inter alia*, the affidavit of former Men's State Prison Chief Grievance Counselor Richard Grable. In his affidavit, Counselor Grable affies that plaintiff Starnes filed five (5) grievances while incarcerated at Men's State Prison. Counselor Grable then provided detailed explanations of each. None of these grievances relate directly to complaints of chemical exposure. Consequently, defendant Chase contends that the plaintiff Starnes has not exhausted his available administrative remedies as to this claim and that, as such, this action should be dismissed.

In response, plaintiff Starnes avers that he attempted to exhaust his administrative remedies as to the chemical exposure claim. In support of this assertion, he has submitted a copy of an informal grievance dated November 18, 2008 and addressed to Deputy Warden Abrams wherein he complains "Continuing Wrong - Black inmates have been throwing chemicals on me my bedding clothing 24x7. Several are stalking me constantly trying to slip up behind me. Somebody started a tale that I'm supposed to be a Klansman. I'm 65 and over." In the section of the grievance form titled *Resolution Requested*, he wrote "I want the chemicals stopped. Investigation by internal affairs, exhaustion for Civil Action in Courts. The ones named be kept removed from my presence. No retaliation." Plaintiff Starnes claims that he gave this form to Counselor V. Lester who denied the grievance on the spot. He further contends that when he asked for a formal grievance, he was told that the issue was non-grievable. For these reasons, the plaintiff claims that he has exhausted his administrative remedies.

In reply, and with respect to the failure to exhaust argument, defendant Chase concedes that the above-described grievance was filed by defendant Starnes and that, for reasons unknown, it was not brought to the court's attention at the time her motion seeking dismissal was filed. Nevertheless, defendant Chase maintains the position that the plaintiff has failed to exhaust his administrative remedies with respect to her involvement with the alleged attacks. The undersigned disagrees. For purposes of this recommendation, defendant Chase's exhaustion defense fails.

In her next argument for dismissal, defendant Chase contends that the plaintiff has failed to state a claim for which relief can be granted. As was previously noted, plaintiff Starnes contends that he has endured "violation[s] [of] the 5th, 8th, and 14th Amendments" as well as violations proscribed by 18 U.S.C. 2340 and 18 U.S.C. 3626. Upon these assertions, the defendant, after a lengthy and in-depth analysis, concludes that the plaintiff's chemical exposure claim fails to state a viable Fifth or Fourteenth Amendment due process claim and that his attempts for statutory redress under 42 U.S.C. § 1983 are misplaced and inappropriate. Thereafter, and in her reply to the plaintiff's response, the defendant notes the plaintiff's complete failure to address these arguments. Having carefully considered these <u>unopposed</u> arguments, along with the record in this case and the controlling law, the undersigned agrees that the plaintiff has failed to state a viable due process claim and that his attempts to seek statutory redress are without merit. Accordingly, and to the extent that the plaintiff's claim alleges violations of the Fifth or Fourteenth Amendment, 18 U.S.C. 2340, and 18 U.S.C. 3626, it fails.

As a result, the only claim yet to be addressed is the plaintiff's assertion that defendant Chase somehow violated his Eighth Amendment Right. Curiously, the defendant's only substantive mention of the plaintiff's Eighth Amendment cruel and unusual punishment claim is a conclusion that the plaintiff's allegations of chemical exposure should be analyzed thereunder. Because it appears that neither party has adequately addressed this Eighth Amendment issue, and in the interest of judicial efficiency, the court will do so now.

In his Complaint, plaintiff Starnes contends that he has been repeatedly and intentionally exposed to and injured by unidentified harmful chemicals. Insofar as defendant Chase is concerned, the only allegations of her involvement in these alleged exposures/attacks are the plaintiff's assertions that (1) as Warden, she knew or should have known of the attacks; and (2), one or more of the attacks were carried out by an unidentified inmate that "hung around the Warden's Bunch."

Because the plaintiff avers that the alleged attacks were carried out by other inmates, and absent any substantive allegation of direct or personal involvement on the part of defendant Chase, his Eighth Amendment claim against defendant Chase is properly classified as one of failure to protect. In order to sufficiently state a failure to protect claim, the plaintiff must allege deliberate indifference on the part of defendant Chase. This is because, under the law of this circuit, the only way in which defendant Chase could be held liable for the plaintiff's alleged injuries would be if she exhibited deliberate indifference to a known danger. *See Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before her failure to act could constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989); *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, she cannot be held liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ; *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

After careful review, and in view of the plaintiff's allegations, it appears to the undersigned that his claim against defendant Chase relies a theory of *respondeat superior*. Unfortunately for the plaintiff, it is well settled that supervisory officials, such as defendant Chase, are not liable under Section 1983 on the basis of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, this claim fails.

For the reason stated above, the undersigned concludes that plaintiff Starnes has failed to sufficiently state a claim. Accordingly, **IT IS RECOMMENDED** that defendant Chase's motion seeking dismissal be **GRANTED** and that this case be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

Also before the court is plaintiff Starnes' compound motion seeking a preliminary injunction, a permanent injunction, and a declaratory judgment. Tab #15. In view of the foregoing recommendation to dismiss, the undersigned **RECOMMENDS** that this motion be **DISMISSED** as moot. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 23rd day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED  STATES  MAGISTRATE  JUDGE